KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

MOHAMMAD KHATIB
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: Mohammad.Khatib@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR. NO. 23-00101 HG |
| | ) | |
| vs. | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| KALANA LIMKIN, | ) | MOTION FOR PRETRIAL RELEASE; |
| | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |
| | ) | |

UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR PRETRIAL RELEASE

The United States, through its undersigned counsel, respectfully

submits the following response in opposition to the defendant's motion for pretrial

release.   [ECF No. 47].   For all of the reasons set forth below, there is no basis to

reopen the issue of detention, nor is there a condition or combination of conditions that will reasonably assure the defendant's presence at future proceedings or the safety of the community, including his release to proposed third-party custodian, Ka'aina Campbell.   The defendant should remain detained.

## I. PROCEDURAL HISTORY

The procedural history of this case was summarized in the United States' response in opposition to the defendant's previous motion to reopen the issue of his detention [*see* ECF No. 25], which motion the Court denied .   [ECF No. 26].   Since that time, the defendant substituted his defense counsel [ECF Nos. 31 and 32], the trial date was moved to March 18, 2025 [ECF No. 35], and a grand jury returned a superseding indictment.   [ECF No. 36].   The defendant remains charged with a single count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).   [*Id.*].

## II. LEGAL STANDARD

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."   18 U.S.C. § 3142(f)(2).   A defendant

2

must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."   18 U.S.C. § 3142(e)(1).   Detention is thus appropriate where a defendant is either a danger to the community or a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Categorical grants or denials of bail, untethered from an individualized determination, are impermissible.   *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).   That is because "the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)."   *Id.* Those factors are: (1) the "nature and circumstances of the offense charged, including whether the offense is a crime of violence"; (2) the "weight of the evidence against" the individual; (3) the "history and characteristics" of the individual, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."   18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).   Consideration of non- statutory factors is disfavored.   *Diaz-Hernandez*,

3

943 F.3d at 1199.   In this case, the United States bears the burden of showing that the defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence.   *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

### III. ARGUMENT

**A.    The Defendant Fails To Present New Information That Has A Material Bearing On His Detention.**

The defendant has failed to present new information that "has a material bearing" on whether there are conditions of release that will reasonably assure his appearance at trial and the safety of any other person and the community. According to the defendant, his half-brother, Ka'aina Campbell, is willing to serve as a third-party custodian.   This is not new information.   Mr. Campbell was obviously known to the defendant at the time of his initial bail hearing but was never put forward as a viable third-party custodian.   Moreover, the defendant argued in his first motion to reopen bail that his brother "Kaaina … would be willing to support" the defendant.   [ECF No. 23, PageID.82].   Thus, the Court already considered and rejected that idea.   [ECF No. 26].

Even if the defendant claims that Mr. Campbell's willingness to formally serve as a third-party custodian is new information, it does not have a

4

"material bearing" on the issue of the defendant's release.   As previously discussed [*see* ECF No. 25], the defendant is the founder of "Cultist," a group that uses Discord and other Internet-based social media platforms to victimize vulnerable populations through sharing child sexual abuse material ("CSAM") and encouraging self-harm. However, the defendant provides absolutely no basis for this Court to conclude that Mr. Campbell would be able to prevent the defendant from accessing the Internet were he to be released.   The defendant has already shown that he is unwilling to abide by the rules.   Despite his assertion to the contrary, the defendant has racked up three disciplinary violations while in custody.   The defendant has twice been sanctioned for phone abuse—on April 6 and June 28, 2024.   More recently, he was sanctioned for destroying property on November 9, 2024.   If the defendant will not abide by the rules of the Federal Detention Center, then he certainly cannot be trusted to follow the Court's conditions if released to Mr. Campbell's custody. Accordingly, the Court should not reopen the detention hearing on the basis of the defendant's proposed third-party custodian.

**B.      Detention Is Appropriate As The Defendant Is A Danger To The Community**

Even if this Court were to reopen the issue of detention, there is no condition or combination of conditions that can reasonably assure the safety of the community if he were released.   The defendant possessed child pornography for

5

the purpose of disseminating it to minors as a means to corrupt the youth and achieve his aim of causing and accelerating the downfall of Western society. The defendant also encouraged others to commit acts of self-harm, including encouraging another person (unsuccessfully) to commit suicide online. Plainly, the defendant's release would endanger the community. And there is a real risk that the defendant may attempt to contact and/or intimidate the minor victims who reported his conduct as this case approaches trial.

### C.   The Defendant Is A Flight Risk

There is no condition or combination of conditions that will assure the defendant's appearance at trial, which is nearly a month away. Given the nature of the evidence, including a recording of the defendant uploading CSAM onto his "Cultist" Discord server and his confession that he possessed CSAM, the defendant's conviction at trial is highly likely. With the trial date looming, now is the period of greatest risk that the defendant will flee. Thus, his release at this juncture poses a real risk of nonappearance at trial.

//

//

//

//

6

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motion for pretrial release.

DATED:    February 6, 2025, at Honolulu, Hawaii.

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

By */s/ Mohammad Khatib*
MOHAMMAD KHATIB
Assistant U.S. Attorney

United States v. Kalana Limkin
"United States' Response in Opposition to Defendant's Motion for Pretrial Release"
Cr. No. 23-00101 HG

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date noted below, a true and correct copy of the foregoing was served electronically on counsel of record through the District Court's electronic filing system.

DATED: February 6, 2025, at Honolulu, Hawaii.

/s/ Mohammad Khatib
MOHAMMAD KHATIB
Assistant United States Attorney