THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 23-00101-HG |
| | ) | |
| Plaintiff, | ) | Honolulu, Hawaii |
| | ) | |
| vs. | ) | February 13, 2025 |
| | ) | |
| KALANA LIMKIN, | ) | ARRAIGNMENT AND PLEA TO THE |
| | ) | SECOND SUPERSEDING INDICTMENT |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE HELEN GILLMOR
SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:       MOHAMMAD KHATIB, AUSA
                          Office of the United States Attorney
                          District of Hawaii
                          300 Ala Moana Boulevard, Room 6-100
                          Honolulu, Hawaii 96850

For the Defendant:        GARY GURMAIL SINGH, ESQ.
                          Topa Financial Center
                          700 Bishop Street, Suite 2000
                          Honolulu, Hawaii 96813

Official Court            ANN B. MATSUMOTO, RPR
Reporter:                 United States District Court
                          300 Ala Moana Boulevard, Room C-338
                          Honolulu, Hawaii 96850

Proceedings recorded by machine shorthand, transcript produced with computer-aided transcription (CAT).

THURSDAY, FEBRUARY 13, 2025                    2:32 O'CLOCK P.M.

COURTROOM MANAGER:  Criminal Number 23-00101-HG, United States of America versus Kalana Limkin.

This case has been called for an arraignment and plea to the second superseding indictment.

Counsel, please make your appearances for the record.

MR. KHATIB:  Good afternoon, Your Honor.  Mohammad Khatib on behalf of the United States of America.

THE COURT:  Good afternoon.

MR. SINGH:  Good afternoon, Your Honor.  Gary Singh with Mr. Limkin.  He's present in court.

THE COURT:  Good afternoon to you both.

I am informed, Mr. Singh, that your client wishes to enter a plea at this time.  Is that correct?

MR. SINGH:  That is correct, Your Honor.

THE COURT:  Very well.  Let us proceed.

You can be seated, Mr. Khatib.

Mr. Limkin, the Court is informed that you wish to enter a plea of guilty at this time.  Is that correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Before accepting a guilty plea, there are a number of questions that I want to ask you to make certain that this is a valid and voluntary plea.  If at any time you don't understand my question or you just want to consult with Mr. Singh, let me know.  It's important that you understand

everything that is happening and your questions are answered. So just let me know if you do need to talk to Mr. Singh.

Would you swear the defendant, please.

COURTROOM MANAGER:  Mr. Limkin, please raise your right hand.

Do you solemnly swear that the answers you will give in response to the Court's questions, shall be the truth, the whole truth, and nothing but the truth, so help you God?

THE DEFENDANT:  Yes.

COURTROOM MANAGER:  Thank you.

KALANA M. LIMKIN Sworn.

THE COURT:  Do you understand that you're now under oath and if you answer any of my questions falsely, your answers could later be used against you in another proceeding for false statement or perjury?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  What is your full legal name?

THE DEFENDANT:  Kalana Malu Limkin.

THE COURT:  How do you spell your middle name?

THE DEFENDANT:  M-A-L-U.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Up until 12th grade, Your Honor.

THE COURT:  How old are you?

THE DEFENDANT:  19 years old.

THE COURT:  Have you ever had a job?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Tell me about that.

THE DEFENDANT:  My first job was when I was 16 I worked at K's Drive-In until I turned 18, in which I was employed at Ponds Hilo restaurant.

THE COURT:  What did you do in each place?

THE DEFENDANT:  At K's Drive-In I was a cashier.  At Ponds I was a line cook.

THE COURT:  I'm sorry?

THE DEFENDANT:  A line cook at Ponds Hilo restaurant.

THE COURT:  Oh, a line cook.  Line cook.  I see.

Have you ever been treated for any mental illnesses or addiction to alcohol or narcotic drugs of any kind?

THE DEFENDANT:  No, not that I know of.

THE COURT:  Are you taking any medication at this time?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Have you ever taken any medication for any of the things I've just mentioned?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Can you tell me in your own words what you believe is happening here today?

THE DEFENDANT:  I believe that I am pleading guilty to the recently received indictment that was given to me.

THE COURT:  So it is your intention to plead guilty?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And you're doing this of your own free will?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  After consultation with your attorney?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  The Court finds that the defendant is competent to understand the proceedings and to enter a knowing plea.

Now, there are questions that I'm going to ask you with respect to your understanding of trial proceedings.

Was there something, Mr. Khatib?

MR. KHATIB:  Yeah, Your Honor, I'm sorry.  I don't want to get -- before this goes, you know, too far down the road, I do think it's important that the defendant be arraigned on the second superseding indictment before we go forward with the Rule 11 plea, and particularly in light of --

THE COURT:  I was going to have you read it.  We can do that right now if you like.  That would be fine.

MR. KHATIB:  Yeah, I just want to make sure he's been advised of what the -- you know, what the charge is.  I mean it's the same charge.  But he did just refer to the superseding indictment, and we've now moved on to a second superseding indictment.  So I just want to make sure everything's clear.

THE COURT:  Okay.  Mr. Khatib, why don't you at this

time read aloud the indictment, and if you would -- and you can be seated, Mr. Limkin.  And we will listen, and then we're going to ask you if you understand it.

Okay.  Mr. Khatib.

MR. KHATIB:  Thank you, Judge.

In an -- in a second superseding indictment in this case handed down today, February 13th, 2025, the defendant Kalana Limkin has been charged with a violation of Title 18 United States Code sections 2252A(a)(5)(B) and 2252A(b)(2).

The indictment reads:  The grand jury charges possession of child pornography, 18 U.S.C. sections -- section 2252A(a)(5)(B).  On or about December 13, 2023, within the District of Hawaii, Kalana Limkin, the defendant, did knowingly possess material, namely, a Seagate 1500 gigabyte hard drive that contained an image of child pornography, as defined in Title 18 United States Code section 2256-8, such image having been shipped and transported using any means and facility of interstate and foreign commerce, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18 United States Code sections 2252A(a)(5)(B) and 2252A(b)(2).

And then, Your Honor, there is a forfeiture notice that follows.

MR. SINGH:  And, Your Honor, we can waive that.

That's fine.

THE COURT:  You're going to waive?  Let me just ask Mr. Limkin.  If you would rise, Mr. Limkin.

Have you read the entire second superseding indictment?

THE DEFENDANT:  Yes, I have, Your Honor.

THE COURT:  And have you discussed its terms with your attorney?

THE DEFENDANT:  Yes, I have, Your Honor.

THE COURT:  Okay.  Is there anything that you have a question about?

THE DEFENDANT:  No, Your Honor.

THE COURT:  If as we proceed, if there's something that is said or you have a thought with respect to something you believe needs clarification or you just want more information, please just stop us at any point and let me know, and we will deal with whatever your question or thought is. Okay?

THE DEFENDANT:  Okay.

THE COURT:  Okay.  And later on we're going to talk about the penalties and other aspects, but right now what we're talking about is your constitutional rights with respect to being charged.  And you understand that under the Constitution and laws of the United States you are entitled to a trial by a jury on the charges contained in the second superseding

indictment?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that at trial you would be presumed to be innocent and the government has the burden of proving you guilty by competent evidence and beyond a reasonable doubt?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that you would not have to prove that you were not guilty because the government has the burden of proving you guilty?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that you have the right to the assistance of an attorney through your defense?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you understand that you would have the right to see and hear all of the witnesses and question them, they'd be questioned by an attorney at a trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that you could object to evidence offered at the government, and you -- by the government -- and you could offer evidence on your own behalf?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that you would have the right to testify at a trial if there was a trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you also understand that you would have the right to choose not to testify?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you understand that no inference or suggestion of guilt could be drawn from the fact that you chose not to testify?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that by entering a plea of guilty and if I accept your plea there will be no trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that you will have waived or given up your right to a trial as well as the other rights associated with a trial, as I've just described them?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that the offense to which you're pleading guilty is a felony offense?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And if your plea is accepted and you were adjudged guilty of a felony offense, that adjudication may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  You are a citizen of the United States, are you not?

THE DEFENDANT:  Yes, I am, Your Honor.

THE COURT:  Are you currently charged with or serving a sentence for a violation of any state law, either Hawaii or any other state?

THE DEFENDANT:  No, Your Honor.

THE COURT:  If you plead guilty, do you understand that you will also have to talk about what you did because you are waiving your right not to incriminate yourself when you plead guilty?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I will question you about what you did in order to satisfy myself that you are guilty as charged, and you will have to talk about what you did.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  The Court finds that the defendant understands he has a right to a trial by a jury, the rules of substance and procedure applicable at a trial, and his plea will be a waiver of his right to trial, and he is willing to waive his right to trial.

Now, we're going to talk about sentencing guidelines. United States law establishes detailed sentencing guidelines for people convicted of federal crimes.  Before I accept your plea of guilty, it's important that you understand certain aspects of the guidelines.

Have you and Mr. Singh talked about how the

Sentencing Commission guidelines might apply in your case?

THE DEFENDANT:  Yes, we have, Your Honor.

THE COURT:  Now, you understand that we will not be able to determine the guidelines for your case until after a presentence report has been completed and you and the government and your attorney read it and have an opportunity to object to anything in it; do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that after it has been determined what guidelines apply to a case the judge has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for in the guidelines?

THE DEFENDANT:  Yes, Your Honor.  Understand.

THE COURT:  You did understand that?

THE DEFENDANT:  I do understand, yes.

THE COURT:  You do understand that under the circumstances the government or you may have a right to appeal a sentence that I impose?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you also understand that parole has been abolished in the federal system and that if you are sentenced to prison, you will not be released early on parole?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand if the sentence is

worse or more severe than you expect, you will still be bound by your plea and you will not have a right to withdraw it?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  The Court finds that the defendant understands the requirements of the sentencing guidelines and the plea of guilty is being made in accordance with that understanding.

Do you still wish to plead guilty?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you received a copy of the indictment that has just been read to you?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And you have discussed it with Mr. Singh?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you have any questions at this time about it?

THE DEFENDANT:  No, Your Honor.

THE COURT:  At this time I'm going to ask Mr. Khatib to talk about the penalties for the charge in the second superseding indictment.  You may be seated while he does that.

MR. KHATIB:  Thank you, Your Honor.

The penalties for the charge that the defendant's been -- contained in the second superseding indictment are as follows:  A term of imprisonment of up to ten years, a fine of up to $250,000, plus a term of supervised release of up to

three years, and the Court must also impose a 100-dollar special assessment, which is mandatory.

For any non-indigent person, there is also an assessment of $5,000, under Title 18 United States Code section 3014, for the domestic trafficking victims fund.

There is also an assessment, under Title 18 United States Code section 2259A(a)(1), of not more than $17,000 if convicted of child pornography possession, under Title 18 United States Code section 2252A(a)(5)(B).

The second superseding indictment contains a notice of the United States' intent to pursue forfeiture under 18 U.S.C. section 2253 of any, one, visual depictions and books, magazines, periodicals, films, videotapes, and other matter containing visual depictions as set forth in 18 U.S.C. section 2253(a)(1); two, property, real or personal, constituting or traceable to gross profits or other proceeds obtained from certain offenses as described in 18 U.S.C. section 2253(a) and/or, three, property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

The Court must also award restitution, pursuant to Title 18 United States Code section 3663A, to the persons and entities victimized by the defendant's offense.

The Court must also award mandatory restitution, under Title 18 United States Code section 2259, for the full

amount of the victim's losses but not less than $3,000 per victim.

As a consequence of his guilty plea, the defendant must register as a sex offender in the jurisdiction or jurisdictions where he resides, is employed, or is a student, under the Sex Offender Registration and Notification Act.

THE COURT:  Thank you, Mr. Khatib.

Now, if you would rise again, Mr. Limkin.

You have heard the prosecutor explain the possible sentence to prison that you may receive, in addition, the possible fine and the -- he made a list of restitution issues that you may be required to pay.  The restitution to the various victims has been outlined for you by the prosecution, and he has also mentioned earlier the forfeiture of property that is contained in the second superseding indictment.

Do you have any questions about that, what Mr. Khatib has outlined?

THE DEFENDANT:  No, Your Honor.

THE COURT:  And have you talked about it with Mr. Singh?

THE DEFENDANT:  I have.

THE COURT:  And has he answered your questions?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you understand that the Court may order you to provide notice of the conviction to victims of the

offense?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  The Court finds that the defendant understands the nature of the charge to which the plea is being entered and the maximum possible penalties provided by law.

Now, you don't have a plea agreement in this matter, but I want to ask you:  Has anyone threatened you or anyone else, or forced you in any way to enter a guilty plea?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Have you entered into this guilty plea between you and the -- your attorney and the government of your own free will?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that the predictions or prophecies that your attorney may have made to you or anyone else -- has anyone else made any predictions or prophecy to you as to what your sentence may be?

THE DEFENDANT:  No, only my attorney, Your Honor.

THE COURT:  Okay.  Well, anyone else or your attorney are giving you their opinion.  Your attorney, of course, is an experienced defense attorney.

However, what you must understand, that the sentence is up to the judge.  And the result here will be a sentence imposed by a judge.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Now, I wish to be sure that you in fact committed the crimes which you've been accused of and to which you are prepared to plead guilty.

I'm going to ask Mr. Khatib, the Assistant U.S. Attorney, to explain what the elements of the offense are and what evidence the government would be putting forward if there was a trial.  And then I'm going to ask you to tell me in your own words what you did that constitutes your crime.

Okay, Mr. Khatib.

MR. KHATIB:  Yes.  Thank you, Judge.

And Your Honor, before I get to that, can I just ask, I may have missed it, but did we cover whether the defendant is currently under any medication?

THE COURT:  I did that first, yes.

MR. KHATIB:  Okay.  Thank you.

THE COURT:  I've got a script, Mr. Khatib.

MR. KHATIB:  All right.

THE COURT:  Not to worry.

MR. KHATIB:  Thank you, Judge.

The elements of the offense.

Were the defendant to proceed to trial in this case, the United States would have to prove beyond a reasonable doubt that in the District of Hawaii, first, the defendant knowingly possessed any material that contained an image of child pornography; second, the defendant knew that such material was

or contained child pornography; and third, that such child pornography had been transported, using any means or facility of interstate or foreign commerce or in and affecting interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

So those are the elements of the offense.

Were this case to go to trial, the United States would prove the following facts, among others, beyond a reasonable doubt.

On December 13, 2023, the Federal Bureau of Investigation executed a federal search warrant at the defendant's residence located in the District of Hawaii.  Among the items seized from the defendant's residence was a 1500-gigabyte Seagate hard drive belonging to the defendant.  The FBI conducted a forensic examination of the Seagate hard drive and found multiple images meeting the definition of child pornography, as that term is defined in Title 18 United States Code section 2256(8).

In particular, the Seagate hard drive contains a video file named:  2022, dash, 07, dash, 30, 21, dash, 50, dash, 18, dash, copy, dash, copy, dot-mp4.

That video is a screen recording of the defendant

moderating a video chat on his Cultist Discord server.  On multiple occasions during the video chat, the defendant uploaded an image of child pornography, in that it depicts the lascivious exhibition of the genitals of a minor female.

The minor depicted in the image was identified by the National Center for Missing and Exploited Children as a real minor from the Ukraine.

The defendant knew that such image was child pornography.  By uploading the image of child pornography onto his Discord server, the defendant transported it using a means or facility of interstate or foreign commerce, namely, the Internet.

Further, the Seagate hard drive was not manufactured in Hawaii.  The defendant knowingly possessed the image of child pornography contained within the video file on December 13, 2023.

An FBI computer scientist analyzed that video file and determined that it is readily accessible on the Seagate hard drive.

According to the file's metadata, it was copied, or moved, on September 24, 2023, and was last accessed on November 12th, 2023.

THE COURT:  Thank you, Mr. Khatib.

Now, Mr. Limkin, please tell me in your own words what you did that renders you guilty of this charge.

THE DEFENDANT:  Your Honor, I was in possession of a hard drive, and on that hard drive there was a depiction of an image of a minor, child pornography.

THE COURT:  I'm sorry.  I didn't hear the last part.

THE DEFENDANT:  There was an image of a depiction of a minor, of child pornography.

THE COURT:  I didn't understand the last thing you said.

THE DEFENDANT:  Child pornography.

THE COURT:  Okay.  So what computer was this?

THE DEFENDANT:  It was a hard drive in my possession, a Seagate 1500-gigabyte hard drive.

THE COURT:  That was yours?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  How did this image come to be on your computer?

THE DEFENDANT:  I cannot recall, Your Honor.  But when I was 16 there was a video recording, and the image was uploaded and the depiction was in that video recording.

THE COURT:  Are you saying you didn't do it?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Well, so what exactly are you saying?

THE DEFENDANT:  I am saying I possessed the image knowingly on the Seagate hard drive.

THE COURT:  Well, I'm asking you how it got there.

THE DEFENDANT:  It was an image on a server on Discord.  The image was readily accessible to me, and by uploading that image and recording it, it was then in my possession.

THE COURT:  So it was your computer?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  You knew where it was?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are you the person who uploaded it?

THE DEFENDANT:  Yes.  Yeah.

THE COURT:  Okay.  And that was back in September of '23?  Or earlier?

THE DEFENDANT:  Earlier.  The file -- the video file that was created was in 2022.

THE COURT:  And did you look at this image?

THE DEFENDANT:  When, Your Honor?

THE COURT:  Anytime.

THE DEFENDANT:  When it -- the file was created, yes.

THE COURT:  And then was it available on your computer on December 12th, 2023?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Did you possess that computer?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  So, now, tell me what the image was.

THE DEFENDANT:  The image was of a minor in a lavicious [verbatim] manner.

THE COURT:  Boy or girl?

THE DEFENDANT:  Female, I believe, Your Honor.

THE COURT:  And about what age?

THE DEFENDANT:  I cannot determine the age, Your Honor.

THE COURT:  Okay.  Older than 12?

THE DEFENDANT:  I believe so, yes, Your Honor.

THE COURT:  Okay.  And what -- tell me one of the images that you consider to be -- what's your own term?

THE DEFENDANT:  Lavicious.

THE COURT:  Okay.  So tell me something that was lavicious [verbatim] in that image that you looked at.

THE DEFENDANT:  The image was of a minor's genitalia area, Your Honor.

THE COURT:  Was there some action or something happening with that?

THE DEFENDANT:  I don't believe so, Your Honor.

THE COURT:  It was just an image of genitalia of a young female woman?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  How long did this video last?

THE DEFENDANT:  The video was I believe one hour and 33 minutes.

THE COURT:  I assume there was some movement and things were happening in this movie?

THE DEFENDANT:  The video is of a recording of a group chat.  The image itself was uploaded into the group chat and it was on the screen for, I'd like to say, less than five seconds.  I'm not sure.  It was very quick.

The entire video isn't of child pornography, Your Honor.

THE COURT:  But this was an inappropriate image that had a nature of sexual content of this minor?

THE DEFENDANT:  I believe so, yes, Your Honor.  Yes.

THE COURT:  Okay.  Are you satisfied, Mr. Khatib?

MR. KHATIB:  I am, Your Honor.

THE COURT:  Okay.  The Court finds that based upon the statements made by the defendant under oath to this Court there is a factual basis upon which the defendant may enter his plea.

How do you plead to the charge in the second superseding indictment, guilty or not guilty?

THE DEFENDANT:  Guilty, Your Honor.

THE COURT:  Since you acknowledge that you are in fact guilty as charged and since you know of your right to a trial, what the maximum possible punishment is, and since you are voluntarily pleading guilty, I accept your guilty plea and enter a judgment of guilty on your plea.

I find that the charge against -- of the United States against Kalana Malu Limkin is fully -- is found to be fully -- that he is found to be fully competent and capable of entering an informed plea and that his plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing the essential elements of the offense, and his plea is therefore accepted.

You are adjudged guilty of the offense.

Now, I am referring you, Mr. Limkin, to the probation officer, and they are going to do an interview so that there is a presentence report that will be the basis of finding the appropriate sentencing guidelines and a recommendation with respect to sentencing.  And it's important that you and your attorney work with this because it is presented and then you will have an opportunity to review it and make any objections to it, as will the government.  And after it is finalized, it will be the basis that the Court looks at in terms of sentencing.

Is there anything else to come before the Court?

MR. KHATIB:  No, Your Honor.

MR. SINGH:  No, Your Honor.  Thank you.

THE COURT:  Okay.  Very well.  We are in recess -- wait.

We need a sentencing date, yes.

COURTROOM MANAGER:  Sentencing as to Count 1 of the

second superseding indictment is set for Thursday, May 29th, 2025, at 2:30 p.m., Your Honor.

THE COURT:  You're not in trial during that time, Mr. Khatib?

MR. KHATIB:  I think it should be done by then, Your Honor.

THE COURT:  Okay.

MR. KHATIB:  I mean the jury might be deliberating, but I should be available.

THE COURT:  Okay.  Very well.

Okay.  If there's nothing further, we are in recess.

LAW CLERK:  All rise.

Court's in recess.

(The proceedings concluded at 3:03 p.m.)

COURT REPORTER CERTIFICATE

I, Ann B. Matsumoto, Official Court Reporter, United States District Court, District of Hawaii, do hereby certify that pursuant to 28 U.S.C. Sec. 753 the foregoing is a complete, true, and correct transcript of the stenographically recorded proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

DATED at Honolulu, Hawaii, November 18, 2025.


*/s/ Ann B. Matsumoto*
ANN B. MATSUMOTO, RPR