# MINUTES

CASE NUMBER:        CR NO. 23-00101 HG

CASE NAME:          USA v. Kalana Limkin

ATTY FOR GOV'T:   *Mohammad Khatib, AUSA

ATTY FOR DEFT:    *William C. Bagasol, Esq.

U.S. PROBATION    *Sara Nieling
OFFICER:

---

JUDGE:  Helen Gillmor      REPORTER:   Gloria Bediamol

DATE:   07/16/2026         TIME:       11:30am-12:50pm

---

COURT ACTION:                        EP:  SENTENCING AS TO COUNT
                                          1 OF THE SECOND
                                          SUPERSEDING INDICTMENT;
                                          and [87] SEALED MOTION
                                          AS TO DEFENDANT C

Defendant Limkin, in custody, present.

Joint Motion to Defer Final Determination of Restitution
(ECF No. 96) is **WITHDRAWN.**

Discussion held.

Defendant's Objections to Paragraphs 63-67 in the
Presentence Report are **OVERRULED.**

The Court adopts the factual statements as contained in the
Presentence Report (1) filed on April 13, 2026 (ECF No. 85).

The Presentence Report is placed in the record under seal.

The Court received and reviewed the letters of support
submitted on behalf of the Defendant.

Allocution by the Defendant.

1

SENTENCE:

Imprisonment: ONE HUNDRED TWENTY (120) MONTHS.

Supervised Release: TWENTY (20) YEARS.

Special Assessment: $100.00

Fine: None.

Restitution: None.

CONDITIONS:

Defendant has been previously provided in writing with the 13 standard conditions of release as part of the initial presentence report in this case. Mr. Bagasol has reviewed these standard conditions with Defendant. Defendant has no objection to the 13 standard conditions and waived the reading of the 13 standard condition of release. All 13 standard conditions are imposed, along with the mandatory conditions.

You must abide by each of the mandatory and standard conditions of supervision, including the following:

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. (mandatory condition)

You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)

You must comply with the requirements of the Sex Offender Registration and Notification Act (34 USC § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a

2

student, or were convicted of a qualifying offense. (mandatory condition)

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

You must abide by the following special conditions:

1.  You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

2.  You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within 3 business days after the change of residence to report such change.

3.  You must participate in a sex offense-specific assessment and any recommended treatment program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, and intensity). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

4.  You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six

3

polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

5.   You must not have direct contact with any child you know or reasonably should know to be under the age of 18 without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18 without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

6.   You must not communicate, or otherwise interact, with Minor Victim 1 (MV1), Minor Victim 2 (MV2), Minor Victim 3 (MV2), Minor Victim 4 (MV4), or Minor Victim 5 (MV5), either directly or through someone else, without first obtaining the permission of the probation officer.

7.   You shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

8.   You must not go to, or be at, schoolyards, playgrounds, arcades, childcare facilities, or other places primarily used by children under the age of 18.

9.   You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

10.  You are ordered to participate in the cybercrime management program and will inform your probation officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your probation officer. You will also inform your probation officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.

11.  You are permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the US Probation and Pretrial Services Office (USPPSO) to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPPSO. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk and needs, and cybercrime management program (CMP) requirements. You must comply with the rules and regulations of the CMP, pursuant to the Participant's Agreement. You are responsible for all computer monitoring and/or management costs for your approved computer devices. You must pay the costs of the program, as directed by the probation officer.

12. Non-standard computer devices possessed or accessible to you (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the US Probation and Pretrial Services Office (USPPSO) for risk and need of use. You must permit the USPPSO to configure and/or manage approved nonstandard devices for compliance with your Court-ordered conditions and cybercrime management program requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

13. You are limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your probation officer.

14. You must not use or access any social media applications or accounts, including but not limited to, Discord, Telegram, Omeagle, Instagram, 4Chan, and Snapchat, without the prior approval of the probation officer.

15. Your use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) is restricted to legitimate and necessary purposes. Examples of legitimate and necessary use are employment, education, religious activities, treatment services, medical services, communication with friends/family and attorney, personal finance, and legal obligations.

16. You must allow the US Probation and Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court-ordered conditions; or programs/applications, settings, configurations that would be problematic for

monitoring software (if ordered) and cybercrime management program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

17. You must submit your person; property; house; residence; vehicle; papers; computer devices, other electronic communications, network or cloud storage, data storage devices or media; or office, to a search conducted by a probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

Defendant's SEALED MOTION AND REQUEST FOR DOWNWARD VARIANCE (ECF No. 87) is **DENIED.**

FINAL ORDER OF FORFEITURE (ECF No. 100) as to Defendant will be made part of the Judgment.

Defendant advised of his right to Appeal within 14 days of entry of judgment.

JUDICIAL RECOMMENDATIONS:
1) Elkton, OH;
2) Milan, MI;
3) Sex Offender treatment;
4) Mental health treatment;
5) Educational and vocational programs.

Ms. Leilani Uganiza, victim witness coordinator, read impact

statement of minor victim 1.

Defendant remanded to the custody of the U.S. Marshals
Service.


Submitted by: Theresa Lam, Courtroom Manager